United States District Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| HP CATTLE, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:24-CV-00021 |
| § | |
| LIVESTOCK NUTRITION CENTER, § | |
| LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND RECOMMENDATION**

On June 20, 2024, Defendants Livestock Nutrition Center, LLC ("the corporate defendant"), and Maurice Janda removed this case from state court based on diversity jurisdiction. (D.E. 1). As alleged in the complaint, each of the plaintiffs is a resident of Texas, the corporate defendant is a Delaware corporation doing business in Texas, and Janda is a Texas resident. (D.E. 1-4 at 3). Defendants contended that although Janda was a Texas resident, he was improperly joined, and full diversity existed between the corporate defendant and each of the plaintiffs. (D.E. 1 at 6-11).

However, on July 10, 2024, the parties filed a "Joint Motion to Remand" stating that they now agreed the case should return to state court, although the motion did not explain why. (D.E. 2). The District Court referred this motion to the undersigned for consideration and preparation of a memorandum and recommendation. (D.E. 3). Statutory authority requires more than the mere agreement of the parties to remand to state court following a proper removal. *See* 28 U.S.C. § 1447. On July 24, 2024, the undersigned held a hearing

to obtain greater detail about the basis for the motion and to ensure that grounds for remand exist under the statute. At the hearing, the parties stated that post-removal investigation uncovered that a member of the corporate defendant is a resident of Texas. "A limited liability company takes the citizenship of all its members." *Richard's Clearview LLC v. Starr Surplus Lines Ins. Co.*, No. 23-30130, 2023 WL 6820671, at *1 (5th Cir. Oct. 17, 2023). As a result, the parties now agree that this Court lacks diversity jurisdiction over this case.

Based on this information, remand is appropriate. *See* 28 U.S.C. § 1447(c) (providing that a case must be remanded if it is discovered that the district court lacks subject matter jurisdiction at any time before final judgment). Accordingly, it is recommended that the Joint Motion to Remand (D.E. 2) be **GRANTED** and this case be **REMANDED** to the 25th Judicial District Court of Lavaca County, Texas.

Respectfully submitted on July 24, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).